**BAKER, LESHKO, SALINE & DRAPEAU, LLP**
*Attorneys for Plaintiff*
**One North Lexington Avenue
White Plains, New York 10601-1712
914.681.9500
mbaker@bakerleshko.com**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 136 FIELD POINT CIRCLE HOLDING COMPANY, LLC,<br><br>                      Plaintiff,<br><br>      -against-<br><br>ALEXANDER RAZINSKI and TANYA RAZINSKI<br><br>                      Defendants. | Civ.<br><br><br><u>**COMPLAINT**</u> |

136 Field Point Circle Holding Company, LLC, by its attorneys, Baker, Leshko, Saline & Drapeau, LLP, complaining of the above-mentioned defendants, alleges as follows:

## Parties

1. Plaintiff is a limited liability company organized under and existing pursuant to the laws of the State of Connecticut.

2. The principal place of business of plaintiff is within the

1

Commonwealth of Puerto Rico.

3. Plaintiff is the fee simple owner of the property known as and located at 136 Field Point Circle, Greenwich, Connecticut.

4. At the time hereof, Alexander Razinski is a citizen and resident of the State of New York.

5. At the time hereof, Tanya Razinski is a citizen and resident of the State of New York.

6. Upon information and belief, Alexander Razinski and Tanya Razinski are husband and wife.

## Jurisdiction/Venue

7. The amount in controversy in this matter exceeds the sum of $75,000.00, exclusive of interest and costs.

8. This Court has jurisdiction over this matter based on diversity of citizenship, 28 U.S.C. §1332.

9. Venue is proper in this district pursuant to 28 U.S.C. §1391 as the defendants Alexander Razinski and Tanya Razinski reside in this District.

## Background

10. On or about May 17, 2012, the plaintiff and the defendants entered into a certain written agreement entitled "Master Agreement" (a copy of the Master Agreement is annexed hereto as Exhibit "A").

11. Pursuant to the terms of the Master Agreement, Mr. and Mrs. Razinski were given a lease allowing them to reside at the Premises from approximately May, 2012 to May, 2013 which was later extend to November, 2013.

12. Pursuant to the Master Agreement, the Mr. and Mrs. Razinski were given an option to purchase the Premises for a pre-determined price during a certain time period.

13. In the event that Mr. and Mrs. Razinski did not exercise their option to purchase the Agreement, it was envisioned in the Master Agreement that the Premises would be sold.

14. Provisions were made in the Master Agreement that upon the sale of the Premises if there was a surplus amount on what 136 FPC realized on the sale of the Premises, Mr. and Mrs. Razinski would receive such surplus pursuant to a pre-determined formula.

15. Provisions were made in the Master Agreement that upon the sale of the Premises, if there was a deficit on what 136 FPC realized on the sale of the Premises, 136 FPC would receive a deficit payment pursuant to a pre-determined formula.

16. Provisions were also made in the Master Agreement, section 6.4, that in the event the Premises failed to sell within two years after the date 136 FPC purchased the Premises, other than as a result of 136 FPC's refusal to accept a bona fide offer providing for payment full purchase price in cash upon closing, Mr. and Mrs. Razinski would be jointly and severally obligated to pay 136 FPC an

3

immediate cash payment of One Million ($1,000,000.00) Dollars.

17.     Mr. and Mrs. Razinski did not exercise their option to purchase the Premises.

## AS AND FOR THE FIRST CLAIM FOR RELIEF
(Breach of Contract)

18.     136 FPC has been unable to sell the Premises within two years after the date 136 FPC purchased the Premises.

19.     The reason why 136 FPC failed to sell the Premises within the two-year period was not due to its refusal to accept a bona fide offer providing for payment of the full purchase price in cash upon closing.

20.     Indeed, the reason that the Premises was not sold within the two-year period was due to (a) actions and/or failures on the part of Mr. and Mrs. Razinski to vacate the subject Premises in a timely fashion and (b) the improper filing of notices of pendency by Mr. and Mrs. Razinski against the Premises.

21.     Mr. and Mrs. Razinski have failed to make an immediate payment of One Million Dollars ($1,000,000.00) pursuant to the Master Agreement.

22.     136 FPC has been damaged by the failure of Mr. and Mrs. Razinski to abide by the terms of the Master Agreement.

23.     Mr. and Mrs. Razinski are liable to 136 FPC for One Million Dollars ($1,000,000.00), plus interest thereon.

## AS AND FOR A SECOND CLAIM FOR RELIEF
(Contractual Claim for Attorneys' Fees and Expenses)

24. Plaintiff repeats and realleges the statements and allegations contained in paragraphs "1" through "23" of this Complaint as if more fully set forth herein.

25. The Master Agreement provides that "the Razinskis agree to jointly and severally indemnify and hold harmless ... Purchaser .... from and against any and all damages, losses, claims, liabilities and related costs and expenses (including reasonable attorneys' fees and disbursements) incurred in connection with: (a) any breach by the Razinski of any of their representations, warranties, covenants or agreements set forth in this Agreement...."

26. The Razinskis have and continue to breach their agreement to pay monies owed to 136 FPC pursuant to the Master Agreement.

27. Due to the breach of the Master Agreement by the Razinskis, 136 FPC is entitled to its reasonable attorneys' fees and disbursements in this action.

WHEREFORE, plaintiff demands judgment as follows:

1. On the first cause of action, the sum of One Million Dollars ($1,000,000.00) Dollars, plus interest thereon;

2. On the second cause of action, a sum to be determined by this Court;

3. Costs and disbursements of this action; and

4. For such other, further and different relief this Court deems just.

Dated: White Plains, New York
June 18, 2019

5

BAKER, LESHKO, SALINE & DRAPEAU, LLP
*Attorneys for Plaintiff*

By: _____
    Mitchell J. Baker (MB-4339)
One North Lexington Avenue
White Plains, New York 10601-1712
914.681.9500