USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/30/22

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------X
136 FIELD POINT CIRCLE HOLDING      :
COMPANY LLC,                        :
                                    :       No. 19 Civ. 5656 (JFK)
                    Plaintiff,      :
                                    :       **OPINION & ORDER**
     -against-                      :
                                    :
ALEXANDER RAZINSKI and TANYA        :
RAZINSKI,                           :
                                    :
                    Defendants.     :
--------------------------------------X

Appearances

FOR DEFENDANTS ALEXANDER RAZINSKI and TANYA RAZINSKI
     Pro se

FOR THE PLAINTIFF 136 FIELD POINT CIRCLE HOLDING COMPANY LLC
     Mitchell J. Baker, Katie R. Wendle, BAKER, LESHKO, SALINE &
     DRAPEAU, LLP

**JOHN F. KEENAN, United States District Judge:**

Plaintiff 136 Field Point Circle Holding Company LLC ("136 FPC") brought this action against Defendants Tanya Razinski and Alexander Razinski ("the Razinskis") alleging breach of contract.  In a May 6, 2021, Opinion and Order ("May 6 Opinion"), the late Judge William H. Pauley III granted 136 FPC's motion for summary judgment and entered judgment in favor of 136 FPC in the amount of $1,000,000.  See 136 Field Point Circle Holding Co., LLC v. Razinski, No. 19 Civ. 5656 (WHP), 2021 WL 1820191, at *6 (S.D.N.Y. May 6, 2021).  Presently before the Court is 136 FPC's Motion for Attorney's Fees ("Motion")

1

pursuant to Federal Rule of Civil Procedure 54(d)(2).[1]   (ECF Nos.
59, 60.)   For the reasons set forth below, the Motion is granted
in part and denied in part.

## I. Background

The Court presumes the parties' familiarity with the
underlying facts of this case, which are set out in greater
detail in Judge Pauley's May 6 Opinion.  See Razinski, 2021 WL
1820191, at *1.  The Court summarizes here the facts that are
relevant to resolving the instant motion.

Since 2013, the law firm Baker, Leshko, Saline & Drapeau
has provided 136 FPC with legal services related to this
"Dickensian saga involving two holdover tenants and a multi-
million dollar mansion in Greenwich, Connecticut."  Razinski,
2021 WL 1820191, at *1.  As relevant here, the Razinskis entered
into a financing agreement ("the Master Agreement") in 2012 with
136 FPC in order to stave off their eviction from the waterfront
Greenwich home.  Under the agreement, 136 FPC exercised the
Razinskis' option to purchase the home "provided that the
Razinskis could lease the property for one year at a rate of
$25,000 a month, with the option to extend the term up to six
months. . . .  As part of the Master Agreement, the Razinskis

---

[1] This case was reassigned to this Court on October 11, 2021, following
Judge Pauley's passing.  (See Notice of Case Reassignment, dated Oct.
11, 2021.)

also acquired an option to purchase the property from 136 Field

Point Circle Holding by November 17, 2013." Id. (citations

omitted).  Section 6.4 of the Master Agreement contained a

provision providing liquidated damages in the amount of

$1,000,000 in the event the property was not sold.  Id.

The Razinskis did not exercise the option to purchase the

home from 136 FPC.  Id.  Instead, the Razinskis filed suit in

New York State court alleging that they had an equitable

mortgage and a lis pendens on the property.  Id.  After several

years of defending against the Razinskis' fruitless litigation,

136 FPC filed suit in this District on June 18, 2019, seeking

enforcement of § 6.4 of the Master Agreement.  Id. at *2.  In

its complaint, 136 FPC alleged that because the property did not

sell within two years of the signing of the Master Agreement,

the Razinskis owed liquidated damages of $1,000,000.  Id.  Judge

Pauley granted 136 FPC's motion for summary judgment, holding

that the Razinskis had breached § 6.4 of the Master Agreement

and ordered the Razinskis to pay 136 FPC in accordance with

their agreement.  Id. at *6.

On May 20, 2021, 136 FPC filed the instant Motion for

Attorneys' Fees pursuant to Federal Rule of Civil Procedure

54(d)(2) and the indemnification clause of the Master Agreement.

(Mot. for Attorney's Fees; ECF No. 60.)  136 FPC alleges that

under § 11 of the Master Agreement, the Razinskis are required

to pay for reasonable attorney's fees related to their breach of

the contract.   (Mem. of Law in Support; ECF No. 60.)   In support

of the Motion, 136 FPC submitted billing records ("Billing

Records") which indicated that Mitchell Baker ("Baker"), a

partner at Baker, Leshko, Saline & Drapeau, and an associate at

the firm, Katie Wendle ("Wendle"), expended 180.1 hours on this

litigation.   (Billing Records; ECF No. 60-5.)   The Billing

Records contain the billing entries for both Baker and Wendle

and reflect a rate of $750 an hour for Baker and $500 an hour

for Wendle.   (Id.)   In total, the Billing Records reflect

$114,670.98 in fees for the 180.1 hours of billable work. (Id.)

    In an affidavit accompanying the Motion, Baker notes that

although the Billing Records reflect $114,670.98 in fees, "[t]he

total which has been paid and for which reimbursement is sought

is $100,406.89."   (Baker Aff'd ¶ 7; ECF No. 60-1.)   Baker goes

on to state that "[t]he discrepancy between the time expended,

$114,670.98, and the amount sought, $100,406.89, is due to

certain adjustments I made at the request of the client."   (Id.)

The affidavit provides no further information about the

"adjustments" and does not specify which of the billing entries

contained in the Billing Records are included in the $100,406.89

request.

    In their Memorandum of Law in Opposition to the Motion, the

Razinskis argue that the Court should deny the Motion because

(1) the indemnity clause of the Master Agreement does not apply,

and (2) the fees sought by the Plaintiff are not reasonable.

(Mem. of L. in Opp'n at 1–2; ECF No. 64.)  Specifically, the

Razinskis argue that the fees requested "are unsubstantiated,

lack specificity, contain errors, are excessive, duplicative and

vague."  (Id. at 1.)  In an affidavit accompanying the

Memorandum, Tanya Razinski specifically objects to $43,580.73 of

the fees reported in the Billing Records, which, as noted

previously, reflect a total of $114,670.98 in fees.  (Tanya

Razinski Aff'd; ECF No. 63.)  The Razinskis also request that

the Court sanction 136 FPC's counsel under Federal Rules of

Civil Procedure 11(b).[2]  (Mem. in Opp'n at 1.)

    In response, 136 FPC filed a Reply Memorandum of Law ("the

Reply") and voluntarily reduced its request by $43,580.73,

noting that "[f]or the purposes of resolving [this motion],

Plaintiff is willing to forgo any fees to which the Razinskis

have objected."  (136 FPC Reply Mem. of L. at 4; ECF No. 66.)

The Reply further states that "to the extent the Court deems any

---

[2] The Razinskis request for sanctions is denied as procedurally
improper.  See Williamson v. Recovery Ltd. P'ship, 542 F.3d 43, 51 (2d
Cir. 2008) (affirming the district court's denial of the defendants'
Rule 11 motion where the defendants "failed to make a separate motion
for sanctions  under Rule 11, and therefore failed to comply with the
procedural requirements of the rule"); see also Begonja v. Vornado
Realty Tr., 159 F. Supp. 3d 402, 414–15 (S.D.N.Y. 2016)
("[D]efendants' request for attorneys' fees under Rule 11 was made
together with the motion to dismiss rather than as a separate motion,
and for that reason alone it must be denied.").

of the hourly rates charged unreasonable, Plaintiff asks the
Court to make an independent determination on a reasonable
hourly rate for Plaintiff's counsel's work."  (Id.)  In an
affidavit accompanying the Reply ("Reply Affidavit"), Baker
notes that 136 FPC's newly reduced request is $56,826.16.
(Baker Reply Aff'd ¶ 4.)  The Reply Affidavit does not identify
the specific billable work included in the new request.

     In a November 10, 2021, Order, the Court directed 136 FPC
to submit additional documentation concerning the new $56,826.16
request.  (ECF No. 70.)  The Court informed 136 FPC that in
order to evaluate the reasonableness of the requested fees, the
Court must be able to assess the reasonableness of the hours
billed by both Baker and Wendle.  (Id.)  Because 136 FPC never
provided an exact tally of the billable hours included in its
original $100,406.89 request, the Court was unable to identify
the hours for which 136 FPC seeks compensation.  Accordingly,
the Court directed 136 FPC to "provide additional documentation
that identifies, for each attorney, the specific fees that make
up the $56,826.16 request."  (Id.)  The Order further stated
that "136 FPC shall provide contemporaneous time records that
identify the billable hours for which 136 FPC currently seeks
reimbursement."  (Id.)

     In response, 136 FPC submitted an affidavit with two
accompanying documents.  The first document contains a modified

version of the original Billing Records ("Modified Billing
Records") reflecting only the billing entries that were not
objected to by the Razinskis.  (Modified Billing Records; ECF
No. 71-1.)  The second document is an "Excel sheet" that lists
the uncontested fees contained in the Modified Billing Records.
(Excel Sheet; ECF No. 71-2.)  In the affidavit ("Third
Affidavit"), Baker states, without providing any further
information, that "[t]he total of the fees in said Excel sheet
amount to $70,340, but Plaintiff is presently only seeking the
$56,826.16 that it agreed to seek in the prior motion."
(Baker's Third Aff'd; ECF No. 71.)  Nowhere does Baker explain
the $13,513.84 difference between the hours reflected on the
Modified Billing Records and the requested fee award.  As a
result, the Court is unable to determine the exact number of
hours attributable to each attorney.  The $56,826.16 request
reflects some unknown combination of hours billed by Baker and
Wendle at two very different hourly rates.

## II.  Applicable Law

Rule 54(d) of the Federal Rules of Civil Procedure permits
a party to move for attorneys' fees and provides that the moving
party "must specify . . . the statute, rule, or contractual
provision entitling the moving party to the award."  Fed. R.
Civ. P. 54(d)(2)(B).  "Under the 'American Rule' a prevailing
party is ordinarily not entitled to attorneys' fees except where

expressly provided by statute or contract."  In re Arb. Between

Westchester Fire Ins. Co. v. Massamont Ins. Agency, Inc., 420 F.

Supp. 2d 223, 227 (S.D.N.Y. 2005).  If parties "agree by

contract to permit recovery of attorneys' fees, . . . a federal

court will enforce contractual rights to attorneys' fees if the

contract is valid under applicable state law."  McGuire v.

Russell Miller, Inc., 1 F.3d 1306, 1313 (2d Cir. 1993).  "Under

New York law, a contract that provides for an award of

reasonable attorneys' fees to the prevailing party in an action

to enforce the contract is enforceable if the contractual

language is sufficiently clear."  NetJets Aviation, Inc. v. LHC

Commc'ns, LLC, 537 F.3d 168, 175 (2d Cir. 2008) (citations

omitted); see also Gupta v. Headstrong, Inc., No. 20-3657, 2021

WL 4851396, at *2 (2d Cir. Oct. 19, 2021) (noting that New York

law "permits parties to recover attorney's fees in a contract if

the intention to provide for such fees 'is unmistakably clear

from the language of the [contract]'" (quoting Hooper Assocs.,

Ltd. v. AGS Computers, Inc., 74 N.Y.2d 487, 492 (1989))).

     "In the Second Circuit, attorney['s] fees awards are []

calculated based on the 'presumptively reasonable fee'

approach."  Ekukpe v. Santiago, 16 Civ. 5412 (AT), 2020 WL

1529259, at *1-2 (S.D.N.Y. Mar. 31, 2020) (quoting McGlone v.

Contract Callers Inc., 146 F. Supp. 3d 582, 584 (S.D.N.Y.

2015)).  "A district court calculates the presumptively

reasonable fee by multiplying the reasonable number of hours
that the case requires by the reasonable hourly billing rate."
Gamero v. Koodo Sushi Corp., 328 F. Supp. 3d 165, 172 (S.D.N.Y.
2018) (citing Millea v. Metro-North R.R. Co., 658 F.3d 154, 166
(2d Cir. 2011)).  The Court notes that "[b]ecause the Razinskis
are proceeding pro se,[3] the Court is required to construe their
submissions liberally and interpret them 'to raise the strongest
arguments that they suggest.'"  Razinski, 2021 WL 1820191, at *3
(quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474
(2d Cir. 2006)).

## III. Discussion

### A. The Razinskis Must Pay Reasonable Fees Under § 11 of the Master Agreement

As noted previously, 136 FPC contends that it is entitled
to attorney's fees under the Indemnity Clause of the Master
Agreement.  The clause states:

> In consideration of [136 FPC] entering into this
> Agreement and consummating the transactions
> contemplated hereby, the Razinskis agree to jointly
> and severally indemnify and hold harmless, on demand,
> [136 FPC] and its affiliates, officers, directors and
> other representatives from and against any and all
> damages, losses, claims, liabilities and related costs
> and expenses (including reasonable attorneys' fees and
> disbursements) incurred in connection with: (a) any
> breach by the Razinskis of any of their

---

[3] "The Razinskis initially retained counsel in this action. (See ECF
No. 11.) However, their attorney moved to withdraw, (ECF No. 19), and
this Court granted his application after conducting a conference with
all of the parties, (see ECF No. 22). The Razinskis claimed they were
unable to retain new counsel and opted to proceed pro se."  Razinski,
2021 WL 1820191, at *3 n.1.

>representations, warranties covenants or agreements
>set forth in this Agreement . . . .

(Master Agreement § 11.)  The language of the agreement is clear
and provides that the Razinskis are liable for any "reasonable
attorneys' fees" that are incurred by 136 FPC as a result of
their breach of the Master Agreement.  (Id.)  As Judge Pauley
concluded in his well-reasoned opinion, the Razinskis breached
the Master Agreement when the property was not sold within two
years of 136 FPC's purchase of the property.  See Razinski, 2021
WL 1820191, at *3 (holding "136 Field Point Circle Holding has
established that the Razinskis breached the Master Agreement §
6.4 and are owed $1 million in liquidated damages.").  Moreover,
in their Memorandum in Opposition, the Razinskis concede that §
11 of the Master Agreement provides for attorneys' fees, noting
that "indemnity is contingent on attorneys' fees and costs being
reasonable."  (Mem. of L. in Opp'n at 1.)  Accordingly, under
the plain language of the Indemnity Clause, 136 FPC may recover
reasonable attorneys' fees.

The Razinskis contend that despite the language of the
Master Agreement, 136 FPC is precluded from recovering
attorney's fees in this case because it previously "waived" the
right to seek attorneys' fees in a separate state court
proceeding.  The Razinskis provide no legal support for this
proposition and the Court is unaware of any rule that would

support such a conclusion.  The Court, therefore, concludes that the Razinskis must compensate 136 FPC for reasonable attorneys' fees under § 11 of the Master Agreement.

## B. Reasonableness of 136 FPC's Fee Request

Having determined that the award of fees is appropriate in this case, the Court turns to the reasonableness of the amount requested.  Despite 136 FPCs voluntary reduction, the Court is obligated to undertake an independent assessment of the reasonableness of the requested award.  See Sidley Holding Corp. v. Ruderman, No. 08 Civ. 2513 (WHP), 2010 WL 963416, at *2 (S.D.N.Y. Mar. 15, 2010) (finding further reductions appropriate despite voluntary reduction by plaintiff because plaintiff's "fee request for a pedestrian commercial dispute is excessive[]"); see also Feuer v. Cornerstone Hotels Corp., No. 14 Civ. 5388 (JFB) (SIL), 2021 WL 4894181, at *8 (E.D.N.Y. Oct. 20, 2021) ("[N]otwithstanding counsel's expenditures of time and the voluntary reduction of the fees being sought, the Court, having presided over the case and the trial, concludes that this 40% additional reduction is necessary in order for the amount to constitute a reasonable fee under the particular circumstances of this case.").  The Court, therefore, must consider the reasonableness of the hours expended and the hourly rates requested by Baker and Wendle.

## 1. Reasonableness of the Hours Expended

11

In determining the reasonable number of hours required by a case, the court may exclude hours that are "excessive, redundant, or otherwise unnecessary." Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).  The party seeking attorneys' fees "bears the burden of demonstrating the number of hours expended and the type of work performed through contemporaneous time records that 'specify, for each attorney, the date, the hours expended, and the nature of the work done.'" Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona, 188 F. Supp. 3d 333, 339 (S.D.N.Y. 2016) (quoting N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983)).  Although it is "unnecessary for [fee applicants] to identify with precision the amount of hours allocated to each individual task," Rahman v. Smith & Wollensky Rest. Grp., Inc., No. 06 Civ. 6198 (LAK) (JCF), 2009 WL 72441, at *7 (S.D.N.Y. Jan. 7, 2009), attorneys seeking reimbursement "must provide enough information for the [c]ourt, and the adversary, to assess the reasonableness of the hours worked on each discrete project," Themis Capital v. Democratic Republic of Congo, No. 09 Civ. 1652 (PAE), 2014 WL 4379100, at *7 (S.D.N.Y. Sept. 4, 2014), reconsideration denied, 2014 WL 4693680 (S.D.N.Y. Sept. 22, 2014).  The critical inquiry is "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992).

As noted above, 136 FPC has voluntarily withdrawn its
request for the billing entries that the Razinskis argue are
"excessive, duplicative, [or] vague."  (Mem. in Opp'n at 1.)
Due to the lack of information regarding the billings entries
that make up the reduced request, the Court is unable to
determine the exact hours for which 136 FPC seeks compensation.
Despite this shortcoming in the record, the Court can evaluate
the reasonableness of the reduced request because the
uncontested hours contained in the Modified Billing Records are
reasonable.  In total, the Modified Billing Records reflect
87.36 hours billed by Baker and 18.38 hours billed by Wendle.
Although 136 FPC does not seek compensation for the total number
of uncontested hours, the 105.7 hours reasonably account for the
more than two years of litigation and the filing of the
successful motion for summary judgment.  Furthermore, the
individual descriptions of the billed work are sufficiently
specific, and the hours expended on each task are within reason.
With the "excessive, duplicative, and vague" billing entries
removed, no further reduction is necessary.  Accordingly, the
reasonableness of 136 FPC's proposed fee award turns on the
reasonableness of the hourly rates charged by Baker and Wendle.

### 2. Reasonableness of Requested Hourly Rates

In their Memorandum in Opposition, the Razinskis argue that
the requested hourly rates for both attorneys are unreasonable.

The Razinskis note that Baker's hourly rate has increased 50%
since 2013 and that Wendle's rate is the same as the rate Baker
charged as a partner in 2015.  In its Reply, 136 FPC "objects to
this argument," but, in light of the Razinskis' position, asks
"the Court to determine a reasonable rate on the papers" for
both Baker and Wendle. (Reply Mem. of L. at 4.)  Having
considered the records submitted by 136 FPC and the specifics of
this case, the Court concludes that the requested hourly rates
for Baker and Wendle are unreasonable and must be reduced.

"The reasonable hourly rate is the rate a paying client
would be willing to pay."  Arbor Hill Concerned Citizens
Neighborhood Ass'n v. Cty. of Albany, 522 F.3d 182, 190 (2d Cir.
2008).  In determining that rate, the court must "bear in mind
all of the case-specific variables that [the Second Circuit] and
other courts have identified as relevant to the reasonableness
of attorney's fees."  Id.  Those factors include:

> (1) the time and labor required; (2) the novelty and
> difficulty of the questions; (3) the level of skill
> required to perform the legal service properly; (4)
> the preclusion of employment by the attorney due to
> acceptance of the case; (5) the attorney's customary
> hourly rate; (6) whether the fee is fixed or
> contingent; (7) the time limitations imposed by the
> client or the circumstances; (8) the amount involved
> in the case and the results obtained; (9) the
> experience, reputation, and ability of the attorneys;
> (10) the "undesirability" of the case; (11) the nature
> and length of the professional relationship with the
> client; and (12) awards in similar cases."

Id. at 186 n.3 (citing Johnson v. Georgia Highway Exp., Inc.,
488 F.2d 714, 717 (5th Cir. 1974), abrogated by Blanchard v.
Bergeron, 489 U.S. 87, 109 S. Ct. 939, 103 L. Ed. 2d 67 (1989)).

The court must also "bear in mind that a reasonable, paying
client wishes to spend the minimum necessary to litigate the
case effectively."  Arbor Hill, 522 F.3d at 190; accord Lilly v.
City of New York, 934 F.3d 222, 231 (2d Cir. 2019).
Accordingly, the reasonable hourly rate in a "simple, 'garden-
variety'" case may be lower than the reasonable hourly rate in a
more complex matter.  Lilly, 934 F.3d at 231-32 ("It was
entirely appropriate for the district court to consider the
complexity of a matter because a reasonable paying client would
consider the complexity of his or her case when deciding whether
an attorney's proposed hourly rate is fair, reasonable, and
commensurate with the proposed action.").

Baker is a named partner of Baker, Leshko, Saline & Drapeau
and has 40 years of legal experience.  (Baker Aff'd ¶ 9.)
Before entering private practice, Baker clerked for Judge Irving
Ben Cooper of this District.  (Id.)  In considering the
reasonableness of Baker's hourly rate, the Court notes that
although Baker likely "command[s] the requested rate in the
marketplace, Arbor Hill requires us to consider whether there
are 'other effective attorneys who might have charged less.'"
Goodwin v. Hawker Dayton Corp., No. 19 Civ. 4284 (LGS) (GWG),

2019 WL 6223955, at *6 (S.D.N.Y. Nov. 22, 2019) (quoting Durso

v. Modern Food Ctr., Inc., 17 Civ. 7324 (LAK) (GWG), 2018 WL

3019112, at *5 (S.D.N.Y. June 18, 2018)).  Here, 136 FPC's

breach of contract claim was straightforward, the litigation was

short lived, and the opposing party was proceeding pro se.  See

Coakley v. Webb, No. 14 Civ. 8438 (ER), 2016 WL 1047079, at *5

(S.D.N.Y. Mar. 10, 2016) (reducing requested fee of $625 to $575

for qualified and experienced attorney because of "the duration

and simplicity of [the] case"); see also Perez Garcia v.

Hirakegoma Inc., 17 Civ. 7608 (SLC), 2020 WL 1130765, at *12

(S.D.N.Y. Mar. 9, 2020) (awarding hourly rate of $400 to

experienced name-partner of small firm in action that did not

involve "any novel or complex legal or factual questions").

Baker's requested $750 an hour is similar to the rates that

courts in this District have recognized as reasonable for senior

partners at larger firms engaged in complex commercial

litigation.  See Errant Gene Therapeutic, LLC v. Sloan-Kettering

Inst. for Cancer Research, 286 F. Supp. 3d 585, 588-89 (S.D.N.Y.

2018) (finding hourly rate for partners of $765 and for

associates of up to $450 to be reasonable in commercial

litigation); see also VR Optics, LLC v. Peloton Interactive,

Inc., No. 16 Civ. 6392 (JPO), 2021 WL 1198930, at *5 (S.D.N.Y.

Mar. 30, 2021) (concluding hourly billing rate of $845 for

highest-billed partner in complex patent infringement lawsuit to

be reasonable).  Accordingly, the Court concludes that an hourly

rate of approximately $550 is reasonable for Baker.

    As for Wendle, she graduated from Syracuse University

School of Law in 2014 and "has been working for Baker, Leshko,

Saline & Drapeau, LLP since shortly after her graduation . . .

."  (Baker Aff'd at 5-6.)  While working on this matter, she

billed $500 an hour.  (Id. ¶ 7.)  Similar to Baker, Wendle's

requested rate falls outside the range of what courts in this

District have recognized as reasonable for attorneys with

comparable experience engaged in similar work.  See Siegel v.

Bloomberg L.P., No. 13 Civ. 1351 (DF), 2016 WL 1211849, at *6

(S.D.N.Y. Mar. 22, 2016) (noting "[a]ssociates with at least

eight years of experience . . . generally command rates of

between $285 and $350 per hour"); Decastro v. City of New York,

No. 16 Civ. 3850 (RA), 2017 WL 4386372, at *5 (S.D.N.Y. Sept.

30, 2017) (finding $300 per hour reasonable for senior associate

who had been practicing law for eight years); Perez Garcia, 2020

WL 1130765, at *12 (awarding hourly rate of $350 to experienced

associate at small firm).  This is particularly true when the

case involves a straightforward legal issue.  See Euro Pac.

Cap., Inc. v. Bohai Pharms. Grp., Inc., No. 15 Civ. 4410 (VMJ)

(LC), 2018 WL 1229842, at *8 (S.D.N.Y. Mar. 9, 2018) (finding

hourly rate of $250 reasonable for attorneys with one to eight

years' experience in breach of contract action), report and

17

recommendation adopted, No. 15 Civ. 4410 (VM), 2018 WL 1596192
(S.D.N.Y. Mar. 28, 2018).  Furthermore, Wendle's requested rate
exceeds what courts in this District have recognized as
reasonable for senior associates at large firms engaged in
complex commercial litigation.  See Carrington v. Graden, No. 18
Civ. 4609 (KPF), 2020 WL 5758916, at *13 (S.D.N.Y. Sept. 28,
2020) (finding $425 per hour for a senior associate at a large
firm engaged in complex litigation to be reasonable).
Accordingly, the Court concludes that an hourly rate of
approximately $350 is reasonable for Wendle in this matter.

### C. Reasonable Fee Award

As discussed above, 136 FPC's $56,826.16 fee request is a
product of an unknown combination of hours billed by Baker and
Wendle at two different hourly rates.  Because the requested
rates are unreasonable, the Court must reduce 136 FPC's
$56,826.16 request to arrive at a reasonable fee.  See Henley v.
Eckerhart, 461 U.S. 424, 433 (1983) ("The most useful starting
point for determining the amount of a reasonable [attorney's]
fee is the number of hours reasonably expended on the litigation
multiplied by a reasonable hourly rate.").  Accordingly, the
Court will reduce the overall fee request by a percentage that
reflects a reasonable hourly rate for Baker and Wendle.  See
McGlone v. Cont. Callers Inc., 146 F. Supp. 3d 582, 587
(S.D.N.Y. 2015) (Imposing 25% reduction to fee award due to

"absence of clear figures in plaintiffs' submissions for the total number of hours that each individual attorney expended . . . ."). As the Court noted above, a reasonable hourly rate for Wendle is approximately $350. As for Baker, a reasonable hourly rate for a partner at a small firm with his experience is around $550. A 28% reduction to the requested rates achieves a reasonable hourly rate for both attorneys: $540 for Baker and $360 for Wendle. The Court, therefore, will use its "considerable discretion," Arbor Hill, 522 F.3d at 190, to reduce 136 FPC's fee request of $56,826.16 by 28%, or $15,911.32. The resulting fee award reflects the total hours requested by 136 FPC at a reasonable hourly rate for both attorneys.

## IV.   Conclusion

For the foregoing reasons, 136 FPC's Motion for Attorneys' fees (ECF Nos. 59, 60) is GRANTED to the extent that 136 FPC is granted attorneys' fees in the amount of $40,914.84. The Clerk of the Court is respectfully directed to terminate the motions docketed at ECF No. 59 and ECF No. 60 and close this case.

**SO ORDERED.**

Dated:     New York, New York
           March 30, 2022

John F. Keenan
United States District Judge